UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4849

PETER ANDREW GALLO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-99-40)

Submitted: June 27, 2000

Decided: September 18, 2000

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Scott L. Wilkinson, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Andrew Gallo pled guilty to bank fraud in violation of 18 U.S.C. §§ 1344, 2 (1994), and received a sentence of forty-one months imprisonment. Gallo appeals his sentence, contending that the district court erred in finding that he was not entitled to a three-level reduction for an attempt under U.S. Sentencing Guidelines Manual § 2X1.1(b)(1) (1998). We affirm.

From December 1996 until March 1998, Peter Gallo carried out a scheme to defraud a number of banks in and near Wilmington, North Carolina, by posing as an account holder under different names at different banks. Using false identification documents that were manufactured using information obtained from stolen mail, Gallo managed to obtain $58,541. Gallo's last and most ambitious scheme was conducted on March 4 and 5, 1998. Gallo telephoned a NationsBank branch in Southport, North Carolina, and represented himself as "Wayne Corley," a partner in the McNair Law Firm in Columbia, South Carolina, which had an account at the bank. Gallo said the firm was handling a closing in the area. He said he wanted funds wired to several different accounts and asked the bank to prepare several official checks drawn on the law firm's trust account. The next day, Gallo faxed a letter to the bank on the letterhead of McNair and Sanford, requesting that seven checks totaling $182,743 be debited against the law firm's trust account. Gallo provided the correct trust account number and said that "H.L. Pollack" would come to the bank to pick up the checks. He gave a description of Pollack, then went to the bank, identified himself as Pollack, and said he was there to pick up the checks. Bank personnel had in the meantime called the McNair Law Firm, talked to the real Wayne Corley, and learned that the stationery Gallo had used was out of date and that the firm was not handling any closings in the area. They also discovered that the fax had originated at an Office Depot.

2

When Gallo came into the bank, he was told that the checks were not yet ready. Bank personnel called the sheriff and asked for immediate assistance. After waiting for a while, Gallo got up and began to leave the bank. Two employees assured Gallo that he would be waited on in a few moments, but Gallo said he had an errand to do and that he would return in thirty minutes. He was arrested in the bank parking lot.

After his guilty plea to bank fraud, Gallo filed an objection to the presentence report in which he asserted that he was entitled to a three-level reduction in his offense level pursuant to USSG § 2X1.1(b)(1). That guideline section states:

> If [the offense is] an attempt, decrease [the offense level] by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

USSG § 2X1.1(b)(1). At sentencing, Gallo argued that he had voluntarily abandoned an unsuccessful attempt to defraud the bank. However, the district court determined that § 2X1.1(b)(1) did not apply because Gallo was about to complete the fraud when he arrived at the bank, and left the bank only because he anticipated that he might be caught.

We review the district court's application of a guideline de novo, and review the factual findings underlying the guideline application for clear error. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). First, we are unable to say that the district court clearly erred in finding that Gallo had completed all the acts necessary to complete the offense before his arrest. Gallo had made elaborate arrangements to induce the bank to turn over $182,743 to him and had come to the bank to collect the checks. Because he had completed frauds for smaller amounts in the course of his scheme, it is unlikely that he had a change of heart. Instead, the circumstances indicate that he left the bank because he sensed that he was being stalled and feared arrest.

3

Moreover, the background commentary to § 2X1.1 states:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. <u>Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).</u>

USSG § 2X1.1, comment. (backg'd) (emphasis added). Gallo's arrest occurred after he had completed the acts necessary for the substantive offense. Therefore, no reduction was available to him. <u>See United States v. Torres</u>, 209 F.3d 308, 312 (3d Cir. 2000) (attempt to withdraw fraudulently deposited funds that was thwarted because bank suspected fraud was not incomplete attempt).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4